IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATANAEL ESCARCEGA,

    Plaintiff,

vs.                                                                      No. CV 17-00335 KG/WPL

CORRECTIONS COMPANY OF AMERICA
(CORE CIVIC) N.M.D.O.C. CENTURIAN L.L.C.,
and ANY AN ALL WHO ARE EMPLOYED
BY THEM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the Complaint for Violation of Civil Rights filed by Plaintiff Natanael Escarcega on March 13, 2017. (Doc. 1). The Court dismisses the Complaint for failure to state a claim on which relief can be granted.

Plaintiff Escarcega is incarcerated at Northwest New Mexico Correctional Facility. (Doc. 1 at 6, 11). He is proceeding pro se and *in forma pauperis.* Escarcega filed his Complaint for Violation of Civil Rights on March 13, 2017. In his Complaint, he makes a number of vague, generalized allegations of constitutional violations:

> "1) My constitutional & civil rights were violated by C.C.A. (A private prison) and New Mexico Department of prisons by violating (Depriving me of visits, by having them behind glass) when I passed their state wide shake-down an urinalises
> 2) C.C.A. Deprive me of my constitutional & civil rights for cruel and unusual punishment by not letting me have access to recreation during this time period.
> 3) C.C.A. & Department of correctional (N.M.) did in fact mass punish all of us here at N.N.M.C.F. Grants NM by treating all of us as drug-users.
> 4) C.C.A. did treat us unfairly when 2 of their employees were caught in compromising positions: Mass punishment Due process violations.

> 5) C.C.A. violates our constitutional & civil rights by not following policy & procedures described by N.M.D.O.C. concerning grievances: excedera:
> 6) Substandard training of corrections officers.
> 7) Denial of adequate medical care: No confidence in healthcare provider & medical staff: Centurian L.L.C.
> 8) Substandard meals by Kitchen: Trinity
> 9) This is an accident waiting to happen.
> 10) Denial of phones: laundry: legal access: sanitory living conditions."

(Doc. 1 at 12-13). Escarcega names, as Defendants, Corrections Company of America (Core Civic), Centurian L.L.C., C.C.A.-Core Civic, Corrections Center of America, New Mexico Department of Corrections, Trinity Food Service, B. Judd: Warden, J.. Lopez: Assistant Warden, J. Doman: Chief of Unit Managers, Mr. Soloman: G-Unit Manager, Ms. Woodard: G-Unit Manager, Mr. Aragon: Unit Management, Ms. Willy: G-Unit Management, Dr. Bailey, Dr. I, and all employees of C.C.A., C.C.A-Core Civic, and Centurian L.L.C. (Doc. 1 at 1-3, 13). The allegations of the Complaint do not factually specify any individual conduct by any Defendant or how any conduct by an individual violated Plaintiff Escarcega's constitutional rights.

### *1. Standards for Failure to State a Claim*

Plaintiff Escarcega is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The Court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege

"enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B), the Court may dismiss the complaint at any time it determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by Section 1915 permits the Court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given

a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### *2. Escarcega's Complaint Fails to State a Claim for Relief*

Plaintiff Escarcega seeks relief under 42 U.S.C. § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is means through which plaintiff may seek redress for deprivations of rights established in Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff

4

must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under Section 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Court concludes that Plaintiff's Complaint fails to state a claim for relief under Section 1983.

Plaintiff Escarcega's Complaint does not allege personal involvement by an identified official in any alleged constitutional violation. Escarcega's Complaint fails to specify any conduct on the part of any Defendant, much less show a connection between official conduct and violation of a constitutional right. The Complaint fails to state a claim for relief against any individual Defendant. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Trask v. Franco*, 446 F.3d at 1046.

Nor does the Complaint state a claim for relief against Corrections Company of America, C.C.A., Core Civic, Centurian L.L.C., or Trinity Food Service. In *Monell v. Dep't of Social Services of New York,* 436 U.S. 658 (1978), the Supreme Court held that a state actor cannot be held vicariously liable for claims brought under 42 U.S.C. § 1983. It is now well settled that *Monell* extends to private defendants sued under Section 1983. *See e.g., Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir.2003) (collecting circuit court cases); *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 944 (10th Cir. 2005). As such, a private actor "cannot be held liable *solely*

because it employs a tortfeasor—or, in other words ... cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell,* 436 U.S. at 691 (emphasis in original). Therefore, in order to hold a private entity liable for the alleged tortious acts of its agents, a plaintiff must show that the entity instituted an official policy of some nature and that policy, in turn, was a direct cause or moving force behind the constitutional violations. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480–85 (1986); *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 820 (1985); *Smedley v. Corr. Corp. of Am.*, 175 F. App'x at 946.

Although Escarcega makes generalized allegations that the entity defendants did not follow policies or procedures, he does not identify any specific policy that was instituted by Corrections Company of America, C.C.A., Core Civic, Centurian L.L.C., or Trinity Food Service. Nor does he factually specify how any policy of any entity defendant directly caused a violation of his constitutional rights. The Complaint fails to state any factually sufficient Section 1983 claim against Corrections Company of America, C.C.A., Core Civic, Centurian L.L.C., or Trinity Food Service. *Monell,* 436 U.S. at 691; *Pembaur,* 475 U.S. at 480–85; *Dubbs v. Head Start, Inc.,* 336 F.3d at 1216.

Last, the New Mexico Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v.Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under Section 1983. Therefore,

the claims against the New Mexico Corrections Department will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

### *3. Escarcega is Granted Leave to File an Amended Complaint*

The Complaint is factually insufficient and fails to state any claim for Section 1983 relief. *Twombly,* 550 U.S. at 570. The Court will dismiss the Complaint and will grant Escarcega the opportunity to file an amended complaint specifying individuals, the individualized actions at Northwest New Mexico Correctional Facility, and how Escarcega claims those actions resulted in violation of constitutional rights. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in pleadings). The amended complaint must state the facts of each separate claim and why Plaintiff believes Plaintiff's constitutional rights were violated. Escarcega should include names of individual defendants and their official positions, a description of their individual actions, and relevant dates, if available. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff Escarcega may assert claims against Corrections Company of America, C.C.A., Core Civic, Centurian L.L.C., or Trinity Food Service in his amended complaint, but only if Escarcega alleges that the defendant entity caused a constitutional violation by instituting a specific, identified, official policy of some nature. That policy, in turn, must be a direct cause or moving force behind the constitutional violations. *Pembaur,* 475 U.S. at 480–85. Escarcega may not re-assert claims against the New Mexico Department of Corrections. *Will,* 491 U.S. at 63-64.

IT IS ORDERED:

(1) Natanael Escarcega's Complaint for Violation of Civil Rights is DISMISSED for failure to state a claim on which relief can be granted; and

7

(2) Plaintiff Escarcega is granted leave to file an amended complaint within thirty (30) days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE